# COMPOSITE EXHIBIT B



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

◀◀ BACK

| | | | |
|---|---|---|---|
| **JAMES DUMAY VS WHELAN EVENT STAFFING SERVICES, INC** | | | |
| Local Case Number: | 2022-006423-CA-01 | Filing Date: | 04/06/2022 |
| State Case Number: | 132022CA006423000001 | Judicial Section: | CA11 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

---

🔧 **Hearing Details**                                    Total Of Hearings: 0 **+**

📶 **Dockets**                                            Total Of Dockets: 8 **—**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 8 | 08/08/2022 | | Order Setting CM Deadline | Event | **(GENERAL PATHWAY)** |
| | | 04/14/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 04/14/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: WHELAN EVENT STAFFING SERVICES INC |
| | 6 | 04/13/2022 | | Receipt: | Event | **RECEIPT#:3100131 AMT PAID:$10.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:04/13/2022 REGISTER#:310 CASHIER:EFILINGUSER** |
| 📄 | 5 | 04/08/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 04/08/2022 | | Receipt: | Event | **RECEIPT#:3080227 AMT PAID:$401.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:04/08/2022 REGISTER#:308 CASHIER:EFILINGUSER** |
| 📄 | 2 | 04/06/2022 | | Complaint | Event | |
| 📄 | 1 | 04/06/2022 | | Civil Cover Sheet - Claim | Event | |

| Number | Date | Book/Page | Amount Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.





**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JAMES DUMAY</u>
Plaintiff                                                  Case # _____

                                                                Judge _____

vs.

<u>WHELAN EVENT STAFFING SERVICES, INC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>N/A</u>

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>     Fla. Bar # <u>533637</u>
      Attorney or party               (Bar # if attorney)

<u>Anthony M Georges-Pierre</u>         <u>04/06/2022</u>
 (type or print name)         Date

Filing # 147211902 E-Filed 04/06/2022 10:48:45 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JAMES DUMAY,

        Plaintiff,

vs.

WHELAN EVENT STAFFING SERVICES, INC.
A Foreign Profit Corporation,

        Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, JAMES DUMAY (hereinafter "Plaintiff"), by and through

the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this

Complaint against Defendant, WHELAN EVENT STAFFING SERVICES, INC, (hereinafter

"Defendant"). Plaintiff states the following in support thereof:

### PARTIES, CLAIM AND JURISDICTION

1. This is an action by the Plaintiff for declaratory and injunctive relief, and damages

   exceeding $30,000.00, excluding attorneys' fees and costs, to redress injuries sustained

   from Defendant's unlawful, retaliatory discharge in violation of (1) the Civil Rights Act

   of 1866, 42 U.S.C. §1981 ("§ 1981"), (2) Title VII of the Civil Rights Act of 1964, 42

   U.S.C. §2000e-2 ("Title VII"), and (3) the Florida Civil Rights Act of 1992, Florida

   Statutes, Chapter 760, et seq., ("FCRA").

2. At all times hereto, Plaintiff was a resident of Miami-Dade County, within the jurisdiction

   of this Honorable Court.

3. Plaintiff is a covered employee for purposes of 42 U.S.C. § 1981.

4. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq.*

6. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, and 47.051 because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

9. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1981.

## FACTUAL ALLEGATIONS

10. On or about September of 2018 Plaintiff began working with Defendant as a Security Supervisor/qualified personnel.

11. Plaintiff would work for Defendant at various job sites including Marlins Park and Dolphin Stadium.

12. Plaintiff worked under the supervision of Juan Carlos (Hispanic) and Josh Fields (White).

13. One of Plaintiff's duties was to collect worksheet signatures from other employees in reference to payroll and other requirements.

14. Plaintiff executed his duties immaculately throughout the longevity of his tenure with Defendant.

15. On or about September of 2020, the Plaintiff was terminated as a result of his National Origin and race, Black Haitian.

16. Plaintiff was terminated by Mr. Fields as a result of his National Origin. Specifically because of Mr. Fields' dislike of the Plaintiff. Plaintiff objected to the termination and was told he did not appropriately have the worksheets signed, which had never been a fireable offense.

17. Many of Defendant's White employees had failed to receive full signatures and/or failed to complete payroll checks and had not been terminated. Plaintiff was treated disparately as a result of his race and national origin.

18. Plaintiff further complained to higher management, Kate (LNU), (White), but nothing was done and Plaintiff was never placed on the schedule or other job sites.

<u>**COUNT I**</u>
*Retaliation in Violation of 42 U.S.C. § 1981*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

20. Plaintiff is a member of a statutorily protected class under § 1981 because he is of Haitian descent.

21. By the conduct describe above, Plaintiff suffered a materially adverse action when Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

22. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights and was directly related to Plaintiff's expression of a statutorily protected activity.

23. Defendant treated similarly situated employees who were not members of Plaintiff's protected class more favorably.

24. At all times, Plaintiff was qualified for the job benefit at issue.

25. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

29. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### National Origin Discrimination In Violation Of The FCRA

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA as Black, Haitian male.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

33. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *National Origin Discrimination In Violation Of Title VII*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under Title VII, as a Black Haitian Male.

43. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

44. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is of Haitian descent.

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

46. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

48. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

50. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

51. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

52. Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 6, 2022

Respectfully submitted,

*/s/    Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
jcosta@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

Filing # 147335686 E-Filed 04/08/2022 12:27:56 PM

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

JAMES DUMAY,                                    CASE NO.: 2022-006423-CA-01

       Plaintiff,

vs.

WHELAN EVENT STAFFING
SERVICES, INC,

       Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:**               WHELAN EVENT STAFFING SERVICES, INC,

               Through Its Registered Agent:
               C T CORPORATION SYSTEM
               1200 SOUTH PINE ISLAND ROAD
               SUITE 500
               PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

               ANTHONY M. GEORGES-PIERRE, ESQ.
               REMER & GEORGES-PIERRE, PLLC.
               44 WEST FLAGLER STREET
               SUITE 2200
               MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                    DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JAMES DUMAY,                                CASE NO.: 2022-006423-CA-01

      Plaintiff,

vs.

WHELAN EVENT STAFFING
SERVICES, INC,

      Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:**              WHELAN EVENT STAFFING SERVICES, INC,

                    Through Its Registered Agent:
                    C T CORPORATION SYSTEM
                    1200 SOUTH PINE ISLAND ROAD
                    SUITE 500
                    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                    ANTHONY M. GEORGES-PIERRE, ESQ.
                    REMER & GEORGES-PIERRE, PLLC.
                    44 WEST FLAGLER STREET
                    SUITE 2200
                    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts
_____     4/14/2022
CLERK                             DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-006423-CA-01
SECTION: CA11
JUDGE: Carlos Lopez

**JAMES DUMAY**

Plaintiff(s)

vs.

**WHELAN EVENT STAFFING SERVICES, INC**

Defendant(s)

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

    **THIS CAUSE** came before the Court on case management review.  Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

    **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court.  The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances.  The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order.   The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures.   Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | 120 Days from filing of Complaint |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | 12/11/2022 |
| **Deadline for Initial Scheduling and Setting Depositions:** | 01/10/2023 |

| Deadline for Witness and Exhibit List: | 02/19/2023 |
|---|---|
| Deadline for Expert Disclosure: | 02/19/2023 |
| Deadline for Inspections/Examinations: | 02/19/2023 |
| Deadline for Adding Parties: | 02/19/2023 |
| Deadline for Discovery Completion (Including Depositions): | 03/11/2023 |
| Deadline for Dispositive Motions: | 03/26/2023 |
| Deadline for ADR/Mediation: | 05/10/2023 |
| Deadline for Pretrial Motions and Jury Instructions: | 05/20/2023 |
| Trial Ready Deadline: | 06/19/2023 |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**:  Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These motions shall be submitted via courtMAP with supporting documents and shall <u>not</u> be placed on motion calendar.

4. **Motions for Protective Order**:  Motions for protective order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court</u>.

5. **Motions for Extension**:  Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set

for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>.  <u>Last minute cancellations are disfavored</u>.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

**Discovery**

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due.  Failure to timely make these objections, constitutes a waiver.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

      Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following:  written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought.  The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

    d. **Expert Disclosure**:   Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time. Refer to paragraph 4 above regarding motions for protective order.

### Witness and Exhibits Lists

10. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## Mediation

11. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court.  Failure to timely mediate shall not constitute just cause for a trial continuance.


**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 8th day of August, 2022.


2022-006423-CA-01 08-08-2022 11:43 AM
Hon. Carlos Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT


**Electronically Served:**
Anthony M Georges-Pierre, agp@rgpattorneys.com
Anthony M Georges-Pierre, jcosta@rgpattorneys.com
Anthony M Georges-Pierre, mhorowitz@rgpattorneys.com


**Physically Served:**